ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss for lack of jurisdiction Peter M. Peterson’s appeal from the United States Court of Appeals for Veterans Claims. Peterson does not oppose.
Peterson appealed to the Court of Appeals for Veterans Claims from an April 8, 2003, decision of the Board of Veterans’ Appeals that denied him entitlement to (1) an increased-disability rating for the residuals of fractured middle and ring fingers of the left hand, and (2) service connection for an acquired psychiatric disorder. Affirming the Board’s decision, the court held that the Department’s duty-to-assist and duty-to-notify obligations had been satisfied under 38 U.S.C. §§ 5103A and 5103(a), respectively, and that the Board’s failure to resolve potential inconsistencies in a March 2002 addendum to a medical examination report did not amount to remandable error.
The Secretary argues that Peterson’s informal brief does not raise an issue that falls within this court’s jurisdiction. We agree. Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
*909 In his brief, Peterson does not raise a constitutional, statutory or regulatory issue. Thus, this court does not have jurisdiction over the appeal. 38 U.S.C. § 7292(d)(2).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.